AURORA TORRES-CRUZ,
    *Plaintiff*,

    v.

                      No. 3:17-cv-01548 (JAM)

COMMISSIONER OF SOCIAL SECURITY,
    *Defendant*.

## RULING ON CROSS MOTIONS TO REMAND AND AFFIRM DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

Plaintiff Aurora Torres-Cruz asserts that she is disabled and unable to work due to several conditions. She filed this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of defendant Commissioner of Social Security, who denied plaintiff's application for social security disability insurance benefits. Plaintiff has filed a motion to reverse or remand the decision of the Commissioner (Doc. #17), and defendant has filed a motion to affirm the decision of the Commissioner (Doc. #24). For the reasons set forth below, I will grant the motion to remand and deny the motion to affirm the decision of the Commissioner.

### BACKGROUND

The Court refers to the transcripts provided by the Commissioner. *See* Doc. #13-1 through Doc. #13-15. Plaintiff filed an application for social security disability income on October 20, 2014, alleging a disability beginning on November 27, 2013. Plaintiff's claim was initially denied on February 4, 2015, and denied again upon reconsideration on April 30, 2015. She then filed a written request for a hearing on May 11, 2015.

Plaintiff appeared and testified at a hearing before Administrative Law Judge (ALJ) Catherine Ma on May 4, 2016. Plaintiff was assisted by a Spanish interpreter, but she was

not represented by counsel. On June 28, 2016, the ALJ issued a decision concluding that plaintiff was not disabled within the meaning of the Social Security Act. *See* Doc. #13-3 at 31–44. The Appeals Council affirmed the decision of the ALJ on July 25, 2017. *Id.* at 2. Plaintiff then filed this federal action on September 14, 2017.

To qualify as disabled, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months," and "the impairment must be 'of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) (quoting 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A)). "[W]ork exists in the national economy when it exists in significant numbers either in the region where [a claimant] live[s] or in several other regions of the country," and "when there is a significant number of jobs (in one or more occupations) having requirements which [a claimant] [is] able to meet with his physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(a)–(b); *see also Kennedy v. Astrue*, 343 F. App'x 719, 722 (2d Cir. 2009).

To evaluate a claimant's disability, and to determine whether she qualifies for benefits, the agency engages in the following five-step process:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed [in the so-called "Listings"] in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and

work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122–23 (2d Cir. 2012) (alteration in original) (citation omitted); *see also* 20 C.F.R. § 416.920(a)(4)(i)–(v). In applying this framework, an ALJ may find a claimant to be disabled or not disabled at a particular step and may make a decision without proceeding to the next step. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proving the case at Steps One through Four; at Step Five, the burden shifts to the Commissioner to demonstrate that there is other work that the claimant can perform. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).

The ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act. At Step One, the ALJ determined that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018. Doc. #13-3 at 33. Plaintiff had not engaged in substantial gainful activity since November 27, 2013, the date of the alleged onset of her disability. *Ibid.* At Step Two, the ALJ found that plaintiff suffered from the following severe impairments: "degenerative disk disease, degenerative joint disease, and obesity." *Ibid.* The ALJ concluded that plaintiff's medically determinable impairments of hypertension and depression were non-severe. *Id.* at 34.

At Step Three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 36.

At Step Four, the ALJ found that, through the date of last insured, plaintiff "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only frequently[1] climb ramps and stairs. She can never climb ladders, ropes, and scaffolds. She can frequently kneel and crouch. She can occasionally crawl. She can perform frequent bilateral handling. She can occasional use foot controls bilaterally." *Id.* at 37.

As to plaintiff's credibility, the ALJ concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 38.

The ALJ also concluded at Step Four that plaintiff was capable of performing her past relevant work as a cleaner and production worker. *Id.* at 42.

At Step Five, after considering plaintiff's age, education, work experience, and RFC, the ALJ concluded that, through the date of the decision, there were jobs that plaintiff could perform that existed in significant numbers in the national economy. *Id.* at 42–43. In reaching this conclusion, the ALJ relied on the testimony of a vocational expert. The ALJ ultimately held that plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 43.

The Appeals Council affirmed the decision of the ALJ on July 25, 2017. *Id.* at 2. Plaintiff then filed this action on September 14, 2017.

### DISCUSSION

Plaintiff alleges that the ALJ erred in formulating the residual functional capacity because she failed to properly consider plaintiff's use of a cane to ambulate. Under agency regulations, the ALJ must consider whether a claimant uses a "medically required hand-held assistive device." SSR 96-9p, 1996 WL 362208 (July 2, 1996). A cane need not be prescribed in order for

---

[1] This appears to be a typo; I assume the ALJ intended to write "infrequently."

it to be deemed medically necessary under SSR 96-9p. *See Staples v. Astrue*, 329 F. App'x 189, 191 (10th Cir. 2009). A finding that a hand-held assistive device is medically required must be supported by medical documentation establishing the need for such a device. *See* SSR 96-9P, 1996 WL 362208. The burden to show that the device is medically required is on the plaintiff. *Allen v. Comm'r of Soc. Sec.*, 2016 WL 996381, at *8, *report and recommendation adopted sub nom. Allen v. Colvin*, 2016 WL 1020858 (N.D.N.Y. 2016). A doctor's recorded observation that a claimant used a cane does not suffice. *See Hoke v. Colvin*, 2015 WL 3901807, at *14 (N.D.N.Y. 2015).

The ALJ noted in the ruling that "the claimant is not prescribed an ambulatory device, but began using a cane in 2014." Doc. #13-3 at 38. But the ALJ did not proceed to evaluate whether plaintiff's non-prescribed medical cane was medically necessary. In formulating the RFC, the ALJ found that plaintiff could perform light work with some limitations, but did not appear to include limitations based on plaintiff's reliance on a cane. Nor did the ALJ inquire of the vocational expert how plaintiff's use of a cane would impact her ability to perform light work. *See* Doc. #13-7 at 70–71.

Plaintiff's medical records are replete with references to her cane use, and they include records indicating that her cane was medically necessary. In a medical record from late 2014, plaintiff's provider concluded that plaintiff had decreased right knee range of movement and "decreased gait status with need for straight cane." Doc. #13-12 at 72. Another record from 2014 indicates that that plaintiff "ambulates with a right straight cane" and had "[d]ecreased candence" and an "antalgic pattern." Doc. #13-12 at 60. That record shows that her provider set a long term goal of ambulating short household distances of less than 50 feet without a cane, and ambulating community distances of over 500 feet with a cane. *Id.* at 61. A 2015 record reflects

that plaintiff had "been using a cane to walk since she cannot bear weight on the joint." Doc. #13-13 at 108. Another record shows that plaintiff utilized a straight cane and had an antalgic gait, and her provider set a long term goal for her to walk in the community without a cane for a total of 20 minutes. Doc. #13-14 at 6.

These records should have put the ALJ on notice that plaintiff's use of a cane may have been medically necessary. I conclude that the ALJ erred by failing to make this determination. This is especially true in light of plaintiff's *pro se* status at the hearing and the ALJ's heightened duty to develop the record in such a case. *See Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018).

The ALJ's failure to consider whether plaintiff's cane was medically necessary was not harmless because use of a cane could substantially impact plaintiff's ability to perform light or sedentary work. "Light work" involves "a good deal of walking or standing," or "sitting most of the time with some pushing and pulling of arm or leg controls," as well as "lifting [up to] 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567 and § 416.967. A claimant who requires a cane to balance or walk may be unable to engage in the type of lifting, carrying, or manipulation of objects that is required for light work. *See Clyburn v. Berryhill*, 2017 WL 6014452, at *4 (W.D.N.Y. 2017) (remanding where ALJ concluded that claimant could perform "less than the full range of light work" and noting that "[l]ight work also requires the use of arms and hands to grasp and hold and turn objects," and "[i]f Clyburn needs to use a cane, it means that at least one hand is not free to hold other objects and perform the lifting and carrying requirements of light work, which are not minimal") (internal quotation marks omitted); *Zidanich v. Colvin*, 2016 WL 6275233, at *4 (W.D.N.Y. 2016) (same). Moreover, the regulations make clear that use of cane may

substantially impact a claimant's ability to perform even sedentary work, depending on the particular facts of the case. *See* SSR 96-9P, 1996 WL 362208 ("[T]he occupational base for an individual who must use [an assistive] device for balance because of significant involvement of both lower extremities . . . may be significantly eroded.").

In light of plaintiff's medical records indicating that plaintiff's use of a cane may have been medically necessary, the ALJ should have evaluated whether plaintiff's cane was necessary and, if so, should have accounted for the cane in formulating the RFC. Because the ALJ failed to do so, the RFC was not supported by substantial evidence. I will remand this case for the ALJ to properly consider plaintiff's use of a cane.

## CONCLUSION

Plaintiff's motion to remand the decision of the Commissioner (Doc. #17) is GRANTED. Defendant's motion to affirm the decision of the Commissioner (Doc. #24) is DENIED. This case is remanded to the Commissioner for further proceedings consistent with this opinion. On remand, the ALJ should also be sure to address the other concerns raised by plaintiff in her briefing in this case.

It is so ordered.

Dated at New Haven this 3d day of January 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge